NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: natalie.winslow@akerman.com
jamie.combs@akerman.com

*Attorneys for The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2005-HYB 6 Mortgage Pass-Through Certificates Series 2005-HYB6*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005-HYB 6 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-HYB6,<br><br>Plaintiff,<br><br>vs.<br><br>SBH 2 HOMEOWNERS' ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; NEVADA ASSOCIATION SERVICES, INC.; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-01129-RFB-DJA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**AND ORDER DENYING SFR INVESTMENTS POOL 1, LLC'S MOTION TO DISMISS**<br><br>**AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the certificateholders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2005-HYB 6 Mortgage Pass-Through Certificates Series 2005-HYB6 (**BNYM**) submits this proposed order granting BNYM's summary judgment motion as to BNYM's quiet title/declaratory relief claim only [ECF No. 46],

51225565;1

denying SFR Investments Pool 1, LLC's motion to dismiss [ECF No. 31], and denying BNYM's motion to amend complaint [ECF No. 33].

## FINDINGS OF FACT

On or about June 3, 2005, Pauline Landicho Well purchased property located at 4361 Ruby Treasure Street, Las Vegas, Nevada 89147. Well financed ownership of the property by way of a loan in the amount of $253,850, as evidenced by a note and secured by a deed of trust recorded on June 16, 2005. The deed of trust was assigned to BNYM via an assignment of deed of trust.

The property was located within the SBH 2 Homeowners' Association (**HOA**). Pursuant to the HOA's CC&Rs, Well was required to pay monthly assessments to the HOA. The HOA's monthly assessments were $36.00 from March 2010 through December 2011, and $39.00 beginning on January 1, 2012.

Well filed a chapter 13 bankruptcy petition with the United States Bankruptcy Court, District of Nevada, designated case no. 10-31388-lbr on November 11, 2010. Well received her discharge on October 12, 2011. The bankruptcy was terminated on January 30, 2013.

Well failed to pay the HOA all monthly assessments amounts due to it, and on February 6, 2012, the HOA, through its agent Nevada Association Services, Inc. (**NAS**), recorded a notice of delinquent assessment lien.

On April 19 and 20, 2012, the HOA, through its agent NAS, recorded a notice of default and election to sell to satisfy the delinquent assessment lien.

On or about May 24, 2012, Bank of America, as then-loan servicer for BNYM, tendered $2,559.50 to NAS for the subject property, which was the amount stated in the HOA's recorded notice of default. The last nine months of assessments before the notice of lien was recorded was actually $330.00, which is seven months at $36.00 a month and two months at $39.00 a month. NAS drafted a disbursement requisition to pay the HOA $1,109 with an accompanying letter indicating that the $1,109 check was a partial payment on the above-rferenced delinquent account.

On December 20, 2012, the HOA, through its agent NAS, recorded a notice of foreclosure sale.

The HOA foreclosed on the property on April 19, 2013. SFR purchased the property at the foreclosure sale for $10,000.00.

51225565;1

# **CONCLUSIONS OF LAW**

BNYM's claims are subject to the three-year statute of limitations under NRS 11.190(3)(a), to the extent they are allegations of liability derived from statute. To the extent BNYM seeks relief based on equitable grounds, its claims fall within the catchall provision of NRS 11.220. The court incorporates by reference its reasoning as set forth in *Carrington Mortgage Services, LLC v. Tapestry at Town Center Homeowners Assoc.*, 381 F.Supp.3d 1289 (D. Nev. 2019). Accordingly, the court denies SFR's motion to dismiss [ECF No. 31] on statute of limitations grounds because BNYM's argument as it relates to tender is not time-barred.

The court further finds the borrower Pauline Well is not a required party to this litigation because the court can accord complete relief to the existing parties without the presence of the borrower who does not have a current interest in the property. The court denies SFR's motion to dismiss [ECF No. 31] on these grounds as well.

The court further finds that BNYM's agent Bank of America preserved the deed of trust through its tender in accordance with the Nevada supreme court's decision in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2008). The court further rejects the HOA's arguments that there is a genuine issue of disputed material fact as to whether or not the tender was properly made. However the payment was applied, it is undisputed the payment made exceeded the superpriority portion of the HOA's lien.

The court further finds SFR has not raised anything other than a metaphysical doubt as to whether BNYM is the true owner of the subject promissory note. The court incorporates by reference its reasoning in *Bank of New York Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-02173-RFV-EJY, 2019 WL 4777305 (D. Nev. Sept. 30, 2019).

The court denies without prejudice the motion for leave to amend [ECF No. 33] because the court finds its resolution of BNYM's motion as to tender resolves this case in its entirety.

The court grants summary judgment in favor of BNYM as to its claim for quiet title/declaratory relief [ECF No. 46]. The interest of SFR Investments Pool 1, LLC or its successors and assigns in the property is subject to BNYM's deed of trust, recorded against the property with the Clark County

51225565;1

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Recorder as instrument no. 20050616-0005202. BNYM's deed of trust, as referenced in this paragraph, remains a valid and existing encumbrance on the property.

The lis pendens recorded against the property with the Clark County Recorder as instrument no. 201606030000068 is expunged.

The certificate of cash deposit, at ECF No. 112, shall be returned to the legal owner designated in the certificate of deposit, along with all accrued interest.

**ORDER**

**IT IS SO ORDERED.**

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE
December 26, 2019
DATED

**Submitted by:**

**AKERMAN LLP**

*/s/ Natalie L. Winslow*
NATALIE L. WINSLOW, ESQ., NV Bar #12125
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2005-HYB 6 Mortgage Pass-Through Certificates Series 2005-HYB6*

**Reviewed By:**

**KIM GILBERT EBRON**

*/s/ Jason G. Martinez*
JASON G. MARTINEZ, NV Bar #13375
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139

*Attorneys for SFR Investments Pool 1, LLC*

**PERRY & WESTBROOK, A PROFESSIONAL CORPORATION**

*/s/ Gabriel J. Czop*
GABRIEL J. CZOP, NV Bar #14697
1701 W. Charleston Boulevard, Suite 200
Las Vegas, Nevada 89102

*Attorneys for SBH 2 Homeowners' Association*

51225565;1